## Caspanello v. De Lucia

*Maurice Freedman*, for plaintiff.

*Rawle & Henderson*, and *Joseph W. Henderson*, for defendant.

KUN, P. J., May 6, 1953.—This matter comes before the court on petition by substituted defendant for discovery of identity and whereabouts of witnesses, and for leave to obtain oral depositions of witnesses, under Pa. R. C. P. 4007.

The petition arises out of an action in trespass by plaintiff to recover damages for injuries allegedly caused by an automobile operated by deceased defendant. Inasmuch as defendant has since died, plaintiff is incompetent to testify under the Act of 1887 (better known as the Dead Man's Rule) to any matter occurring between himself and deceased defendant, including the circumstances of the alleged accident. Plaintiff is permitted, however, to establish the facts of this alleged accident through third parties who were present and witnessed the occurrence.

There is no doubt that the court may and should allow the discovery of the identity and whereabouts of any known witnesses. Rule 4007(a), covering this question, permits such discovery without restriction.

As to the second request by substituted defendant in her petition, the rule is somewhat different. Rule 4007(b), dealing with the taking of oral depositions, is limited by rule 4011, which provides, in part:

"No discovery or inspection shall be permitted which (c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which . . . .

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner."

Under the present set of facts, obviously substituted defendant, not having been the operator of the automobile involved in the accident, would not necessarily

be expected to have knowledge of the facts. In any event petitioner claims that she knows of no disinterested witness. Since the Act of 1887 effectively seals the lips of plaintiff, the production of a disinterested witness will be necessary for both a prima facie claim and defense. In the automobile accident cases in which discovery has been denied to a defendant and in the only case quoted by counsel for respondent, it appeared that petitioner had been present at the scene of the accident. In these cases discovery was denied in order "to bar the substitution of depositions for trial evidence".

Judge MacNeille in Klosterman et ux. v. Clark et al., 78 D. & C. 263, and Judge Mawhinney in Regency Clothes, Inc., v. Progressive Clothing, Inc., 78 D. & C. 450, have both held that rule 4011 should receive a liberal construction and that, where discovery is requested, it should be permitted unless there is definite reason for refusing the same.

Former Judge Charles E. Kenworthey, chairman of the Procedural Rules Committee, in his article, "Discovery Under the Proposed New Rules", which appeared in the Pennsylvania Bar Association Quarterly of October 1948, page 17, 22-23 said:

"Fundamentally, what the Procedural Rules Committee has attempted to do is to harmonize two basic principles: (1) That no person shall be deprived of his day in court merely because he does not control the means of proving his case; and (2) the ends of justice are not best served by giving every litigant the power to explore without restraint his opponent's case."

The first of the two above-quoted divergent principles preponderates in the present case.

And now, to wit, May 6, 1953, the petition of substituted defendant for the discovery sought is hereby granted.